

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2008

# Lopez-Martinez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2359

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lopez-Martinez v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1171.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1171

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2359
_____

VERONICA LOPEZ-MARTINEZ,
                                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79-729-766
(U.S. Immigration Judge:  Honorable R.K. Malloy)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 7, 2008
Before:  SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

(Filed: May 21, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Veronica Lopez-Martinez petitions for review of a final order of removal issued by

the Board of Immigration Appeals ("BIA") on April 4, 2007.  For the reasons that follow,

we will deny the petition.

I.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. To summarize briefly, Lopez-Martinez, a native and citizen of Mexico, entered the United States in July 1993 without being inspected and admitted or paroled. She was placed in removal proceedings in May 2002 and conceded the charge of removability in June 2002. A month later, Lopez-Martinez married a United States citizen and in April 2003, that citizen submitted a Form I-130 visa petition seeking an immigrant visa for Lopez-Martinez based upon the marriage. During the pendency of the deportation proceedings, the Government submitted evidence to the immigration court concerning a conviction Lopez-Martinez had sustained for completing a false application for a U.S. passport in January 2003.[1]

Before the Immigration Judge ("IJ"), Lopez-Martinez sought relief from removal by applying for adjustment of status, waiver of inadmissibility, and voluntary departure. The IJ denied Lopez-Martinez's various applications for relief determining that she was ineligible for a waiver of inadmissibility and an adjustment, given her prior conviction. Lopez-Martinez filed a timely appeal to the BIA. The BIA dismissed the appeal finding Lopez-Martinez subject to removal. The BIA relied on legal grounds other than those specified by the IJ's order and the BIA determined that Lopez-Martinez was ineligible to

---

[1] Lopez-Martinez pled guilty to one count of tampering with public records, under 18 Pa.C.S.A. § 4911, and was sentenced to 12 months probation.

2

apply for adjustment as a matter of law.  The BIA noted that because Lopez-Martinez had

not been admitted or paroled into the United States, she was ineligible to adjust her

immigration status under INA § 245(a) and (c), unless she otherwise demonstrated

eligibility for an exemption under INA § 245(i).  In light of her entry without inspection,

she was ineligible to qualify for such an exemption.  Lopez-Martinez timely filed a

petition for review.

## II.

The BIA had jurisdiction over Lopez-Martinez's appeal under 8 C.F.R. §

1003.1(b)(3).  This court has jurisdiction to review a final order of removal under 8

U.S.C. § 1252.  "Where, as here, the BIA issues a decision on the merits and not simply a

summary affirmance, we review the BIA's, not the IJ's, decision."  Li v. Att'y Gen. of the

United States, 400 F.3d 157, 162 (3d Cir. 2005) (citing Gao v. Ashcroft, 299 F.3d 266,

271 (3d Cir. 2002)).  The BIA's factual findings are reviewed for substantial evidence.

See 8 U.S.C. § 1252(b)(4)(B).  This court reviews the BIA's legal determinations de

novo, subject to the principles of deference articulated in Chevron, U.S.A., Inc. v. Natural

Resources Defense Council, Inc., 467 U.S. 837, 844 (1984).  See Wang v. Ashcroft, 368

F.3d 347, 349 (3d Cir. 2004).

## III.

The BIA correctly determined that Lopez-Martinez is ineligible for adjustment of

status.  Generally, aliens who illegally enter the United States are not permitted to apply

3

here for status adjustments. See 8 U.S.C. § 1255(a); cf. Zheng v. Gonzales, 422 F.3d 98, 116-20 (3d Cir. 2005) (concluding that 8 C.F.R. § 1245.1(c)(8) was invalid because it conflicted with Congress's clearly expressed intent in § 245(a) that parolees, as a general class, be eligible for adjustment of status). Section 245(i), however, allowed undocumented persons who entered the country illegally a one-time chance to apply for lawful permanent resident status. It provided that aliens who were physically present in the United States after entering without inspection, and who were the beneficiaries of a relative petition filed *before April 30, 2001* (and who paid a $1,000 fee) could apply to adjust their status. See 8 U.S.C. § 1255(i)(1)(B)(i). As the BIA noted, given the facts here, Lopez-Martinez was not eligible for an adjustment under these provisions.

The BIA further acted within its authority in determining Lopez-Martinez's ineligibility for an adjustment. Engaging in a de novo review of the IJ's legal conclusions was plainly not improper. See 8 C.F.R. § 1003.1(d)(3)(ii) ("The [BIA] may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo"). Further, the BIA's conclusions were reasonable and were supported by substantial evidence.

For the foregoing reasons, we will deny the petition for review.